THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:17-cr-00046-MR-WCM-5

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> RICHARD ARLEE CHAMPION, ) <br> ) <br> Defendant. ) <br> _____ ) | O R D E R |

**THIS MATTER** is before the Court on remand from the Fourth Circuit Court of Appeals [Doc. 210].

The Fourth Circuit remanded this case with instructions to grant the Defendant's motion to compel the Defendant's former trial counsel, Russell L. McLean, III, to send the Defendant his case file. The Court of Appeals determined that the Defendant is entitled to access to his attorney's file based on the provision of the North Carolina Rules of Professional Conduct requiring that "upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests…." [Doc. 210 at 2 (citing N.C. R. Prof. Conduct 1.16(d) and United States v. Basham, 789 F.3d 358, 388 (4th Cir. 2015) (construing a similar provision in South Carolina's Rules of Professional Conduct))]. The Court notes, however, that

the Defendant is currently incarcerated.  An attorney's case file can contain sensitive information.  Delivering that file to the Defendant while he is incarcerated within BOP presents a significant danger to the Defendant and to any others who may be mentioned therein (particularly including those who cooperated against the Defendant).  As such, direct delivery of the file to the Defendant is clearly not in the Defendant's interests.  The Court of Appeals, however, has mandated that the Defendant be allowed access to the material in that file.  For that reason, the Court will direct Mr. McLean to provide the Defendant's case file to the warden of the facility at which the Defendant is currently housed.  The Defendant will be permitted to view his case file in the presence of his Case Manager or another appropriate prison official.  The Defendant will not be permitted to retain a copy of the case file while he is incarcerated.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Compel Attorney to Surrender Case File [Doc. 202] is **GRANTED**, and attorney Russell L. McLean, III, is hereby **DIRECTED** to provide a copy of the Defendant's case file to the Warden of USP Atlanta within fourteen (14) days of the entry of this Order.  The Defendant shall be permitted to review the case file in the presence of his Case Manager or another appropriate

prison official as designated by the Warden, but the Defendant may not retain a copy of the case file while he is incarcerated.

**IT IS FURTHER ORDERED** that, upon complying with this Order, Mr. McLean shall file a notice with the Court advising of his compliance.

The Clerk of Court is respectfully directed to provide a copy of this Order to counsel for the Government, the *pro se* Defendant, the Warden of USP Atlanta, and attorney Russell L. McLean, III.

**IT IS SO ORDERED.**

Signed: March 23, 2020

Martin Reidinger
United States District Judge