**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:17-cr-00046-MR-WCM-5**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | <u>**O R D E R**</u> |
| ) | |
| **RICHARD ARLEE CHAMPION,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on review of the Defendant's letter [Doc. 213], in which he requests a period of equitable tolling of the statute of limitations applicable to the filing of a motion to vacate pursuant to 28 U.S.C. § 2255.

The Defendant was found guilty by a jury of one count of conspiracy to distribute and to possess with intent to distribute a quantity of methamphetamine and one count of possession with intent to distribute methamphetamine, and aiding and abetting the same. [Doc. 161]. He was sentenced on April 26, 2018, to a term of 262 months' imprisonment. [Doc. 180]. The Fourth Circuit Court of Appeals affirmed his conviction and sentence. [Doc. 199]. The Fourth Circuit issued its mandate on August 21, 2019. [Doc. 205]. The Defendant sought an extension of time until January

10, 2020, to file a petition for writ of certiorari with the United States Supreme Court, which was granted. See United States v. Champion, No. 18-4274, Doc. 66 (Nov. 6, 2019). The Defendant, however, did not file a petition for writ of certiorari.

The Defendant now seeks a period of equitable tolling, through May 22, 2020, of the statute of limitations applicable to the filing of a motion to vacate pursuant to 28 U.S.C. § 2255 in light of the ongoing COVID-19 pandemic. [Doc. 213].

Motions to vacate filed pursuant to 28 U.S.C. § 2255 are subject to a one-year statute of limitations, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the Defendant's conviction became final on January 10, 2020, when the time expired for the filing of the petition for writ of certiorari. See Clay v. United States, 537 U.S. 522, 524-25 (2003). Thus, the Defendant has one year from January 10, 2020, within which to file a motion to vacate. As the time has not yet expired for the Defendant to file a motion to vacate within the one-year statute of limitations under § 2255(f)(1), his request for a period of equitable tolling must be denied as moot.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion for a period of equitable tolling of the statute of limitations applicable to the filing of a motion to vacate pursuant to 28 U.S.C. § 2255 [Doc. 213], is **DENIED**.

**IT IS SO ORDERED.**

Signed: April 1, 2020

Martin Reidinger
United States District Judge