THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:17-cr-00046-MR-WCM-5

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| **RICHARD ARLEE CHAMPION,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Correct the Trial Record." [Doc. 220].

On January 11, 2018, the Defendant was found guilty by a jury of one count of conspiracy to possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of possession with the intent to distribute a quantity of methamphetamine, and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. [Doc. 161]. On April 26, 2018, the Defendant was sentenced to a term of 262 months' imprisonment. The Fourth Circuit Court of Appeals affirmed his conviction and sentence on June 11, 2019. [Doc. 199].

The Defendant filed the present "Motion to Correct the Trial Record" asking the Court to correct the transcript of both trial testimony and his sentencing hearing. [Doc. 220]. According to the Defendant, the transcript of his trial proceedings regarding "AUSA Hess' redirect examination of Jordan Oocumma," is missing "a significant portion"[1] and the transcript of his sentencing hearing is missing "a lengthy discussion" regarding how the Court calculated "how much Methamphetamine he felt the Defendant was responsible for." [Id. at 1-2]. The United States opposes the Defendant's Motion stating that the trial record is complete and correct. [Doc. 221].

The Court has reviewed the transcripts in both the Joint Appendix and in the record. [Doc. 194 at 224-348]; [Doc. 188 at 3-34]; [J.A. at 1018-1141; 1492-1523].[2] The Defendant does not state what testimony he believes is missing in the record regarding the redirect examination of Jordan Oocumma, however that testimony as shown in the transcript does not appear to have any logical gaps and the attorney stated that the redirect

---

[1] The Defendant states that this portion of the trial occurred on January 5, 2018. [Doc. 220 at 1]. The United States says that the portion of the trial actually occurred on January 10, 2018. [Doc. 221 at 1]. Having reviewed the record and the Joint Appendix the Court finds that the examination of Mr. Oocumma took place on January 9, 2018 (though the pages the United States cited to in the Joint Appendix are correct). [Doc. 194 at 224-348]; [J.A. at 1018-1141].

[2] For the convenience of the parties the Court will cite to both the Joint Appendix and to the Documents.

would be "brief" and take only "two minutes." [Doc. 194 at 224] [J.A. at 1138]. As to the sentencing hearing, the Defendant states that there is missing dialogue between the attorneys and the Court regarding how the Court calculated the relevant drug amount and directs the Court's attention to page 1509 of the Joint Appendix. [Doc. 220 at 2]. In reviewing the sentencing hearing the Court finds that a lengthy discussion regarding this calculation is in the transcript. [Doc. 188 at 10-20] [J.A. at 1449-1509].

An Official Court Reporter transcribed both the trial testimony and the hearing, then certified the transcripts. [Doc. 194 at 354] [Doc. 188 at 34] [J.A. at 1149, 1523]. Certified transcripts possess a statutory presumption of accuracy. 28 U.S.C. § 753(b) ("The transcript in any case certified by the reporter or other individual designated to produce the record shall be deemed prima facie a correct statement of the testimony taken and proceedings had."). "A defendant's bald assertion of error is insufficient to overcome the statutory presumption that the transcript is correct." United States v. Hill, 78 F. App'x 223, 225 (4th Cir. 2003) (per curiam). The Defendant's conclusory and unsubstantiated assertions that the transcript is erroneous does not overcome the statutory presumption.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Correct the Trial Record [Doc. 220] is **DENIED**.

**IT IS SO ORDERED**.

Signed: September 26, 2020

Martin Reidinger
Chief United States District Judge