# Exhibit 1

## Email for

## Declassification request

 

## Re: [OpenRecords] Re: [GaParoleBoard] Declassification request- Need Richard Arlee Champion, GDC#1121784, DOB 08-06-1982.

1 message

**Open Records** <openrecords@pap.ga.gov>
To: Felicia Parker <fmparker25@gmail.com>
Cc: Open Records <openrecords@pap.ga.gov>

Wed, Dec 17, 2025 at 1:32 PM

Good afternoon.

The Board has declassified the responsive documents in its file on Mr. Champion. Please find them attached.

Thank you.

On Fri, Dec 12, 2025 at 3:57 PM Open Records <openrecords@pap.ga.gov> wrote:
> Good afternoon. It depends upon the workload of the Board. Unfortunately, I am unable to provide an estimated time frame.

On Fri, Dec 12, 2025 at 11:01 AM Felicia Parker <fmparker25@gmail.com> wrote:
> Good morning
>
> Do you have time frame of how long this typically takes?
>
> Thanks & Best Regards,
>
> *Felicia Parker*

On Fri, Dec 12, 2025 at 8:01 AM Open Records <openrecords@pap.ga.gov> wrote:
> Dear Ms. Parker:
>
> This request will be forwarded to the Board for consideration. You will be advised of its decision once one is made.
>
> Thank you.
>
> On Thu, Dec 11, 2025 at 2:39 PM <fmparker25@gmail.com> wrote:
>> **Richard Champion**
>> **REG# 33773-058**
>> **FCC Coleman Low**
>> **PO Box 1031**
>> **Coleman FL 33521**
>>
>> **RE: Public Policy Statement in Support of Declassification**
>>     **Request, Counseling Completion Letter, Case of**
>>     **Richard Champion (GDC# 1121784)**
>>
>> **December 12, 2025**
>>
>> **Dear Sir or Madam,**

Greetings. I am writing to provide a public policy statement in support of my request for the declassification request I recently mailed to you. The letter in your possession which I have requested be declassified is authored by Dr. Mzola Jonas of The Georgia Psychological Counseling Services. The letter confirms my successful completion of counseling services that were required by your department as a "special condition" of parole, which was granted to me in June 2012 for Trafficking Methamphetamine in Dekalb County GA.

The letter documents that, after fulfilling the minimum requirement of 18 months mandated by law, Dr. Jonas released me from treatment with "No Objections", which reflected the belief he expressed to me, that counseling was unnecessary in my case. After providing me with a copy of the letter, Dr. Jonas also indicated that, at that point in time, I was the only individual that he had released in the minimum duration, which underscores the positive assessment of my progress.

The underlying basis for this counseling was a 2001 Statutory Rape conviction, involving consensual sex, typical of a "Romeo & Juliet" style relationship, for which I have NEVER been required to register as a sex offender. In fact, under Georgia Law OCGA 16-6-3(c), this would be a misdemeanor. Even more compelling, Congress has explicitly excluded this type of case from the definition of a sex offense. see 34 USC 20911(5)(c).

As a matter of public policy, declassifying and releasing this letter aligns with the core principles of transparency, fairness, and rehabilitation in the criminal justice system. The original charge is already a matter of public record, accessible to anyone through court documents. Withholding evidence of any rehabilitation and or treatments that were completed, however, creates ab incomplete and potentially misleading narrative that undermines public trust in the judicial system. The public has a legitimate interest in knowing when individuals under supervision have met or exceeded requirements, as this demonstrates the effectiveness of rehabilitative programs and promotes informed community safety assessments. Releasing such records encourages participation in counseling by assuring parolees that their achievements will be recognized, rather than obscured, fostering a system that prioritizes redemption over perpetual stigma.

Moreover, in my current circumstances within the Federal Bureau of Prisons on an unrelated drug charge, this letter is absolutely essential to correct a factual inaccuracy within my Presentence Investigation Report (PSI), which erroneously states that I did not complete the counseling. This error has resulted in the imposition of a Public Safety Factor (PSF), adversely affecting custody classification, programming access, and potential barriers to be released on home confinement as part of the First Step Act of 2018. Declassifying the letter would serve the public policy goal of inter-jurisdiction accuracy, ensuring that federal authorities base decisions on complete and verified information, thereby reducing unnecessary burdens on the prion system and supporting equitable application of sentencing reforms.

Protecting counseling records under privacy laws like HIPPA is indeed vital, but in cases where the individual consents to release and the document solely affirms completion, without ANY identifying sensitive information or therapeutic details, declassification strikes a balance. It incentivizes full engagement in mandatory programs by allowing successes to be shared for legitimate purposes, such as challenging misrepresentations in other legal contexts.

Rather than concealing completions, making them available (with consent) allows for a holistic view of an individuals history, aiding employers, communities, and correctional systems in making decisions that prioritize successful reintegration over unfounded assumptions.

Respectfully, I request that The Board weigh these public policy imperatives and declassify the letter under the Georgia Open Records Act, as the benefits to transparency, justice, and rehabilitation far outweigh any minimal privacy concerns in this context.

Thank you for your consideration. Please contact me if additional information is needed.

Best Regards,
Richard Champion
REG# 33773-058
FCC Coleman Low
PO Box 1031
Coleman FL 33521
678-769-9678 (Felicia Parker, fiance)

# Exhibit 2

**Letter from Mzola Ahuama-Jonas, CJSOC, LPC, NCC, CEO/Clinical Director, Georgia Counseling & Psychological Services, Inc.**



A T S A Member

## *GCPS*, INC

### 4296 SUITE - D, MEMORIAL DRIVE DECATUR, GEORGIA. 30032

March 3rd, 2014
Re: Mr. Richard Champion

To whom it may concern:

This letter is in reference to a request to us from Mr. Richard Champion, a parolee, who is petitioning Georgia Board of Pardons & Parole for a review of his parole conditions. Currently, Mr. Champion attends sexual offence-specific treatment [program] at Georgia Counseling & Psychological Services in Decatur Georgia.

Mr. Champion initiated his treatment in our clinic on the 12th of October 2012, and he has remained consistently active in therapy. Mr. Champion, (in spite of the challenges involved in his personal affairs, and his conditions as a parolee), has made positive strides toward his obligation to participate as a productive citizen in the United States. Mr. Champion has obtained an academic certification in a technical trade. He is currently gainfully employed in a fulltime permanent position at Recon International, 2099 Peachtree Industrial Boulevard, Buford Georgia 30518 where he also functions in supervisory position. As well, Mr. Champion is a "family man", married in November 2013. Among his peers, and in group sessions, Mr. Champion is usually respectful, cheerful, contrite; and especially remorseful over all factors and aberrant behaviors which may have resulted to him being charged with sexual offense. While in treatment, Mr. Champion has neither denied being culpable, nor has he presented himself as a vicarious victim of the State of Georgia Board of Pardons & Parole. Mr. Champion also understands that his successes in rehabilitation and the process of improving his self-image would be contingent upon the strength of his internal controls, and upon his core beliefs. Mr. Champion very well understands the processes of self-regulation, covert sensitization, creative problem-solving, and life management skills because those fundamentals are imperative for urge control. It is our privilege to be educating Mr. Champion about true meanings of boundaries, and positive value systems (which include the applications of social order, legal and positive moral codes in his daily transactions).

We have closely worked with Mr. Richard Champion for a little over 17 months consecutively, on weekly basis. Therefore, I will neither object nor react negatively if Georgia Board of Pardons & Parole decides to review Mr. Champion's parole requirements as regards his record which indicates a sexual offense charge.

If you may need to speak with me regarding Mr. Champion's matter, I could be reached at (404) 403-4003.

Thank you sincerely,

Mzola Ahuama-Jonas. CJSOC, LPC, NCC
CEO/Clinical Director, Georgia Counseling & Psychological Services, Inc

cc: GDC Parole Officer Richardson.

Mailing: GEORGIA COUNSELING & PSYCHOLOGICAL SERVICES Inc., P.O.BOX 13662, ATLANTA GEORGIA 30324
Phone: (404) 403-4003  Fax: (404) 506-9530